# IN THE COUNTY COURT IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

## CIVIL DIVISION

Janda Grace McBeth

Plaintiff

CASE NO. 14 - CA - 1187

DIVISION: F

Address:

3609 Old Mulberry Road

Plant City, Fl 33567

**RECEIVED**

**FEB 03 2014**

CLERK OF THE CIRCUIT COURT
HILLSBOROUGH COUNTY
CIRCUIT CIVIL DIVISION

Phone: 813-716-6732

V

Credit Protection Association LP

13355 Noel Road Suite #2100

Dallas, TX 75380

Registered Agent:

C T Corporation System

1200 South Pine Island Road

Plantation, FL 33324

## STATEMENT OF CLAIM

Plaintiff Janda Grace McBeth, sues Credit Protection Association, LP, and alleges:

1. This is an action for damages that do not exceed $3,500.00 per claim.

2. Plaintiff claims the amount of $50,000.00 plus costs and fees as being due from said



Defendant and alleges as the basis of such suit:

Defendant has violated the Fair Debt Collection Practices Act; the Florida Consumer Collection Practices Act, and the Telephone Consumer Protection Act.

3. Demand has been made for payment of said amount due, but Defendant has not paid Plaintiff.

**WHEREFORE,** Plaintiff demands judgment in the amount of $50,000.00 plus all costs of this action.

Janda Grace McBeth being first duly sworn on oath, says the foregoing is a just and true statement of the amount owing by Defendant to Plaintiff, exclusive of all set-offs and just grounds of defense.


Plaintiff, Janda Grace McBeth

# IN THE COUNTY COURT
## OF THE 13TH JUDICIAL CIRCUIT
## IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
## CIVIL ACTION

CASE #_____

Janda Grace McBeth
3609 Old Mulberry Road
Plant City, FL 33567

V.

Credit Protection Association, LP
13355 Noel Road, Suite #2100
Dallas, TX 75380

**RECEIVED**

**FEB 03 2014**

CLERK OF THE CIRCUIT COURT
HILLSBOROUGH COUNTY
CIRCUIT CIVIL DIVISION

Registered Agent:
C T Corporation System
1200 South Pine Island Road
Plantation, FL 33324

### VERIFIED COMPLAINT for RELIEF

Plaintiff, Janda Grace McBeth, sues Defendant, Credit Protection Association, LP, and for her complaint alleges:

### PART I

### INTRODUCTION

1. This is an action for damages which do not exceed $3,500.00 in any single count; it is brought by an individual consumer for violations of the Fair Debt Collection Practices Act (FDCPA), 15 USC § 1692, et seq ; the Florida Consumer Collection Practices Act (FCCPA), Chap. 559, Fla. Stat. 559.72 et seq ; and the Telephone Consumer Protection Act, (TCPA) §227.47 USC et seq

2. The Fair Debt Collection Practices Act (FDCPA) prohibits debt collectors, the Florida Consumer Collection Practices Act (FCCPA) prohibits all persons, from engaging in abusive, deceptive and unfair practices in collecting consumer debts; they are strict liability statutes where intent to violate said Acts, or either of them, need not be proven. Additionally, the Telephone Consumer Protection Act

(TCPA) provides for a Private Right of Action based on violations of the TCPA. The debt sought to be collected by the defendant herein was a third party consumer debt, and the Plaintiff accordingly hereby makes general claim for both statutory and actual damages under the Fair Debt Collection Practices Act (FDCPA), the Florida Consumer Collection Practices Act, and the Telephone Consumer Protection Act (TCPA).

3. Pursuant to 15 USC § 1692k, defendants subject to provisions of the Fair Debt Collection Practices Act (FDCPA), are jointly and severally liable to each separate Plaintiff for actual damages, maximum Statutory damages of $1,000.00, attorney's fees, and costs.

4. Pursuant to § 559.77 (2), Fla. Stat., defendants subject to the provisions of the Florida Consumer Collection Practices Act (FCCPA) are each separately liable to each separate Plaintiff for actual damages, attorney's fees, costs, and maximum statutory damages of $1,000.00 for each separate violation displaced in time; the Court is also empowered to provide equitable relief by enjoining the Defendant from further violations of the FCCPA pursuant to the above section.

5. Pursuant 47 U.S.C. § 227, defendants subject to provisions of the Telephone Consumer Protection Act (TCPA) are each separately liable to each separate Plaintiff for actual damages, attorney's fees, costs, and maximum statutory damages of $1500.00 for each separate violation displaced in time; the Court is also empowered to provide equitable relief by enjoining the Defendant from further violations of the TCPA pursuant to the above section.

6. The Plaintiff is a pro se litigant.

## Part II

## NATURE of the ACTION

7. This is a complaint for money damages.

8. Defendant has violated the Fair Debt Collection Practices Act (FDCPA) § 1692d, by causing the Plaintiff's phone to ring repeatedly.

9. Defendant has violated the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. § 559.72 (7) by repeatedly harassing Plaintiff in attempts to collect alleged albeit non-existent debt of a third party by repeatedly calling Plaintiff's cellular telephone.

10. Defendant has violated the Telephone Consumer Protection Act (TCPA), § 227.47 USC § 227(b) (A) (iii) by placing calls to a telephone number assigned to a cellular telephone service.

11. Defendant has violated the Telephone Consumer Protection Act (TCPA), § 227.47 USC § 227 (b) (1) (A) by making calls to Plaintiff's cellular telephone without prior express consent and through the use of a predictive dialing system and a pre-recorded voice messaging system.

12. Defendant has violated the Telephone Consumer Protection Act (TCPA), § 15 USC 1692 c § 805. (a) (3) by calling Plaintiff without the direct, prior express written consent of Plaintiff.

13. Defendant has violated the Telephone Consumer Protection Act (TCPA), § 15 USC 1692 (b) (1) (A), which states in part, "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system..." Plaintiff contends that Defendant has made calls to Plaintiff's cellular telephone for the purpose of collecting an alleged, non-existent debt belonging to a third unknown party.

## PART III

## PARTIES

14. Plaintiff, Janda Grace McBeth, is a citizen of Hillsborough County, Florida.

Janda Grace McBeth
3609 Old Mulberry Road
Plant City, Florida 33567

15. Upon information and belief Defendant is a foreign corporation, authorized to do business in Florida.

Credit Protection Association, LP
13355 Noel Road, Suite #2100
Dallas, Texas 75380

Registered Agent:
C T Corporation System
1200 South Pine Island Road
Plantation, Florida 33324

## PART IV

## JURISDICTION AND VENUE

16. Credit Protection Association, LP is a "debt collector" as defined in 15 USC., § 1692a (6), and is thereby subject to the provisions of the Fair Debt Collection Practices Act, (FDCPA); all defendants herein are subject to the provisions of the Telephone Consumer Protection Act, (TCPA); all defendants herein are subject to the Florida Consumer Collection Practices Act (FCCPA) . Credit

Protection Association, LP is subject to the jurisdiction of this Court pursuant to § 48.193, Fla. Stat.

17. This court has jurisdiction to grant relief pursuant to Fla. Stat. § 34.01(2), and Fla. Sm. R. 7.01 (b) in that this is an action for damages less than $5,000.00 in any single count.

18. Jurisdiction of this Court arises under 47 USC § 227; 15 USC § 1692; Fla. Stat. §47.051 and Fla. Stat. § 559.551.

19. Venue is proper in Hillsborough County, Florida pursuant to Fla. Stat. § 47.011 (b), because the causes of action occurred in Hillsborough County, Florida.

20. Venue is proper in Hillsborough County, Florida, pursuant to 28 USC § 1391 (b) and Fla. Stat. § 559.77. Venue is proper in that the Plaintiff resides in Hillsborough County, Florida, the Defendant Transacts business in Hillsborough County, Florida, and the conduct complained of occurred in Hillsborough County, Florida.

21. Venue is proper in Hillsborough County, Florida, pursuant to Fla. Stat. § 47.051, inasmuch as Defendant intentionally reached into Hillsborough County, Florida, availing itself of the protection of the laws of Florida, and Defendant's acts in Hillsborough County, Florida gave rise to the cause of action asserted herein.

22. This Court has jurisdiction over Defendant pursuant to Fla. Stat. § 48.193 (1) (a) because Defendant engages in business within Florida, to wit, debt collection, and its business within Florida gave rise to the cause of action asserted herein.

23. This Court has jurisdiction over Defendant pursuant to Fla. Stat. § 48.193 (1) (a) 6 inasmuch as Defendant caused injury to a person within Florida, to wit, Janda Grace McBeth, while engaged in service activities, to wit, debt collection, in Florida.

24. This Court has jurisdiction over Defendant pursuant to Fla. Stat. § 48.193 (1) (a) 1 because Defendant conducts business in Florida.

25. Defendant has violated the Florida Consumer Collection Practices Act (FCCPA) Fla. Stat. § 559.551 by calling the Plaintiff's cellular telephone.

26. Defendant has violated the Telephone Consumer Protection Act (TCPA) § 227 by calling the Plaintiff's cellular telephone.

27. Defendant has violated the Fair Debt Collection Practices Act (FDCPA) 15 USC § 1692 by calling the Plaintiff's cellular telephone.

28. Venue is proper in Hillsborough County, Florida, because the acts giving rise to the causes of action occurred in Hillsborough County, Florida. Particularly, the offending communications were all made and directed into Hillsborough County, Florida.

## PART V

## BACKGROUND FACTS

29. The background facts leading to the filing of this case are as follows:

   a. On or about 16 October 2013 at about 4:41 PM Defendant called the Plaintiff's cellular telephone leaving a voicemail message for a third party, "Tommy Mitchell" without prior permission, without prior express permission, without prior written express permission; or for emergency purposes. (EXHIBIT A) and (EXHIBIT U)

   b. On or about 17 October 2013 at about 8:15 PM Defendant called the Plaintiff's cellular telephone leaving a voicemail message for a third party, "Tommy Mitchell" without prior permission, without prior express permission, without prior written express permission; or for emergency purposes. (EXHIBIT B) and (EXHIBIT U)

   c. On or about 18 October 2013 at about 8:45 PM Defendant called the Plaintiff's cellular telephone leaving a voicemail message for a third party, "Tommy Mitchell" without prior permission, without prior express permission, without prior written express permission; or for emergency purposes. (EXHIBIT C) and (EXHIBIT U)

   d. On or about 22 October 2013 at about 7:03 PM Defendant called the Plaintiff's cellular telephone leaving a voicemail message for a third party, "Tommy Mitchell" without prior permission, without prior express permission, without prior written express permission; or for emergency purposes. (EXHIBIT D) and (EXHIBIT U)

   e. On or about 25 October 2013 at about 8:33 PM Defendant called the Plaintiff's cellular telephone leaving a voicemail message for a third party, "Tommy Mitchell" without prior permission, without prior express permission, without prior written express permission; or for emergency purposes. (EXHIBIT E) and (EXHIBIT U)

   f. On or about 29 October 2013 at about 7:48 PM Defendant called the Plaintiff's cellular telephone leaving a voicemail message for a third party, "Tommy Mitchell" without prior permission, without prior express permission, without prior written express permission; or for emergency purposes. (EXHIBIT F) and (EXHIBIT U)

   g. On or about 29 October 2013 at about 8:28 PM Defendant called the Plaintiff's cellular telephone leaving a voicemail message for a third party, "Tommy Mitchell" without prior permission, without prior express permission, without prior written express permission; or for emergency purposes. (EXHIBIT G) and (EXHIBIT U)

   h. On or about 30 October 2013 at about 8:35 PM Defendant called the Plaintiff's cellular

telephone leaving a voicemail message for a third party, "Tommy Mitchell" without prior permission, without prior express permission, without prior written express permission; or for emergency purposes. (EXHIBIT H) and (EXHIBIT U)

i. On or about 6 November 2013 at about 7:16 PM Defendant called the Plaintiff's cellular telephone leaving a voicemail message for a third party, "Tommy Mitchell" without prior permission, without prior express permission, without prior written express permission; or for emergency purposes. (EXHIBIT I) and (EXHIBIT U)

j. On or about 7 November 2013 at about 7:32 PM Defendant called the Plaintiff's cellular telephone leaving a voicemail message for a third party, "Tommy Mitchell" without prior permission, without prior express permission, without prior written express permission; or for emergency purposes. (EXHIBIT J) and (EXHIBIT U)

k. On or about 8 November 2013 at about 4:40 PM Defendant called the Plaintiff's cellular telephone leaving a voicemail message for a third party, "Tommy Mitchell" without prior permission, without prior express permission, without prior written express permission; or for emergency purposes. (EXHIBIT K) and (EXHIBIT U)

l. On or about 11 November 2013 at about 4:04 PM Defendant called the Plaintiff's cellular telephone leaving a voicemail message for a third party, "Tommy Mitchell" without prior permission, without prior express permission, without prior written express permission; or for emergency purposes. (EXHIBIT L) and (EXHIBIT U)

m. On or about 12 November 2013 at about 3:55 PM Defendant called the Plaintiff's cellular telephone leaving a voicemail message for a third party, "Tommy Mitchell" without prior permission, without prior express permission, without prior written express permission; or for emergency purposes. (EXHIBIT M) and (EXHIBIT U)

n. On or about 13 November 2013 at about 5:31 PM Defendant called the Plaintiff's cellular telephone leaving a voicemail message for a third party, "Tommy Mitchell" without prior permission, without prior express permission, without prior written express permission; or for emergency purposes. (EXHIBIT N) and (EXHIBIT U)

o. On or about 18 November 2013 at about 2:29 PM Defendant called the Plaintiff's cellular telephone leaving a voicemail message for a third party, "Tommy Mitchell" without prior permission, without prior express permission, without prior written express permission; or for emergency purposes. (EXHIBIT O) and (EXHIBIT U)

p. On or about 21 November 2013 at about 4:25 PM Defendant called the Plaintiff's cellular telephone leaving a voicemail message for a third party, "Tommy Mitchell" without prior permission, without prior express permission, without prior written express permission; or for emergency purposes. (EXHIBIT P) and (EXHIBIT U)

q. On or about 23 November 2013 at about 6:26 PM Defendant called the Plaintiff's cellular telephone leaving a voicemail message for a third party, "Tommy Mitchell" without prior permission, without prior express permission, without prior written express permission; or for emergency purposes. (EXHIBIT Q) and (EXHIBIT U)

r. On or about 25 November 2013 at about 6:39 PM Defendant called the Plaintiff's cellular telephone leaving a voicemail message for a third party, "Tommy Mitchell" without prior permission, without prior express permission, without prior written express permission; or for emergency purposes. (EXHIBIT R) and (EXHIBIT U)

s. On or about 26 November 2013 at about 5:14 PM Defendant called the Plaintiff's cellular telephone leaving a voicemail message for a third party, "Tommy Mitchell" without prior permission, without prior express permission, without prior written express permission; or for emergency purposes. (EXHIBIT S) and (EXHIBIT U)

t. On or about 19 August 2013 at about 7:21 PM Defendant called the Plaintiff's cellular telephone leaving a voicemail message for a third party, "Tommy Mitchell" without prior permission, without prior express permission, without prior written express permission; or for emergency purposes. (EXHIBIT T) and (EXHIBIT U)

u. Although Plaintiff has only 20 documented calls from Defendant, throughout 2013, there were many more undocumented calls. Additionally, Plaintiff informed Defendant on a number of occasions that a "Tommy Mitchell" is unknown to Plaintiff, and that they were calling the wrong telephone number to reach a "Tommy Mitchell". Calls from the Defendant continued for several months at which point in time Plaintiff began documenting as many calls as possible from Defendant.

30. The communications in question here are all related to the collection of an alleged third party consumer debt.

31. The acts alleged herein all occurred in Hillsborough County, Florida, in that the offending calls were received there.

32. Plaintiff has no prior or present relationship with Defendant.

33. Plaintiff has never given Defendant permission to call Plaintiff's cellular telephone.

34. Plaintiff has never given Defendant express permission to call Plaintiff's cellular telephone.

35. Plaintiff has never given Defendant express written permission to call Plaintiff's cellular telephone.

36. Plaintiff has no contractual obligation to pay Defendant.

## PART VI

## CLAIM FOR VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

## COUNT I

## FIRST CLAIM UNDER FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) 15 USC § 1692 d (5)

37. Paragraphs 1 through 36 are hereby re-alleged and incorporated as if more fully and completely stated herein.

38. Defendant has demonstrated willful or knowing non-compliance with 15 USC § 1692 (5) by causing Plaintiff's cellular telephone to ring repeatedly.

WHEREFORE, Plaintiff demands judgment against Credit Protection Association, LP for actual and statutory damages of $1,000.

## COUNT II:

## SECOND CLAIM UNDER FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) 15 USC § 1692 E (14)

39. Paragraphs 1 through 38 are hereby re-alleged and incorporated as if more fully and completely stated herein.

40. Defendant has demonstrated willful or knowing non-compliance with USC § 805 (a) by calling Plaintiff without obtaining prior consent or without obtaining the express permission of a court of competent jurisdiction to do so.

WHEREFORE, Plaintiff demands judgment against Credit Protection Association, LP for actual and statutory damages of $1,000.

## PART VII

## CLAIM FOR VIOLATIONS OF THE FLOFIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA)

## COUNT I: FIRST CLAIM UNDER FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA) FLA. STAT. 559 PART VI

41. Paragraphs 1 through 36 are hereby re-alleged and incorporated as if more fully and completely stated herein.

42. On or about 16 October 2013 at about 4:41 PM Defendant called the Plaintiff's cellular telephone leaving a pre-recorded message. (EXHIBIT A) and (EXHIBIT U)

43. Violations of the FCCPA were committed by Credit Protection Association, LP while engaging in debt collection activity with respect to Plaintiff, Janda Grace McBeth, including but not limited to the following:

44. Plaintiff is a consumer within the meaning of § 559.55 (2).

45. Defendant is a debt collector within the meaning of § 559.55 (6).

46. Defendant, Credit Protection Association, LP, was in violation of Florida Consumer Collection Practices Act (FCCPA) Fla. Stat. 559.72 (9) by claim, attempt, or threatening to enforce a debt when such person knows that the debt is not legitimate or asserts the existence of some other legal right when such person knows that the right does not exist.

47. Defendant, Credit Protection Association, LP, was in violation of Florida Consumer Collection Practices Act (FCCPA) Fla. Stat. 559.72 (7) by willfully communicating with Plaintiff with such frequency as can reasonably be expected to harass.

WHEREFORE, Plaintiff demands judgment against Credit Protection Association, LP for actual and statutory damages of $1,000. (Kahmeyer v Federal Credit Corporation)


## COUNT II: SECOND CLAIM UNDER FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA) FLA. STAT. 559 PART VI

48. Paragraphs 1 through 36 and paragraphs 42 through 47 are hereby re-alleged and incorporated as if more fully and completely stated herein.

49. On or about 17 October 2013 at about 8:15 PM Defendant called the Plaintiff's cellular telephone leaving a pre-recorded message (EXHIBIT B) and (EXHIBIT U)

50. Defendant, Credit Protection Association, LP, was in violation of Florida Consumer Collection Practices Act (FCCPA) Fla. Stat. 559.72 (9) by claim, attempt, or threatening to enforce a debt when such person knows that the debt is not legitimate or asserts the

existence of some other legal right when such person knows that the right does not exist.

51. Defendant, Credit Protection Association, LP, was in violation of Florida Consumer Collection Practices Act (FCCPA) Fla. Stat. 559.72 (7) by willfully communicating with Plaintiff with such frequency as can reasonably be expected to harass.

WHEREFORE, Plaintiff demands judgment against Credit Protection Association, LP for actual and statutory damages of $1,000. (Kahmeyer v Federal Credit Corporation)

## COUNT III: THIRD CLAIM UNDER FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA) FLA. STAT. 559 PART VI

52. Paragraphs 1 through 36 and paragraphs 42 through 47 are hereby re-alleged and incorporated as if more fully and completely stated herein.

53. On or about 18 October 2013 at about 8:45 PM Defendant called the Plaintiff's cellular telephone leaving a pre-recorded message. (EXHIBIT C) and (EXHIBIT U)

54. Defendant, Credit Protection Association, LP, was in violation of Florida Consumer Collection Practices Act (FCCPA) Fla. Stat. 559.72 (9) by claim, attempt, or threatening to enforce a debt when such person knows that the debt is not legitimate or asserts the existence of some other legal right when such person knows that the right does not exist.

55. Defendant, Credit Protection Association, LP, was in violation of Florida Consumer Collection Practices Act (FCCPA) Fla. Stat. 559.72 (7) by willfully communicating with Plaintiff with such frequency as can reasonably be expected to harass.

WHEREFORE, Plaintiff demands judgment against Credit Protection Association, LP for actual and statutory damages of $1,000. (Kahmeyer v Federal Credit Corporation)

## COUNT IV: FOURTH CLAIM UNDER FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA) FLA. STAT. 559 PART VI

56. Paragraphs 1 through 36 and paragraphs 42 through 47 are hereby re-alleged and incorporated as if more fully and completely stated herein.

57. On or about 22 October 2013 at about 7:03 PM Defendant called the Plaintiff's cellular Telephone leaving a pre-recorded message. (EXHIBIT D) and (EXHIBIT U)

58. Defendant, Credit Protection Association, LP, was in violation of Florida Consumer Collection Practices Act (FCCPA) Fla. Stat. 559.72 (9) by claim, attempt, or threatening to enforce a debt when such person knows that the debt is not legitimate or asserts the existence of some other legal right when such person knows that the right does not exist.

59. Defendant, Credit Protection Association, LP, was in violation of Florida Consumer Collection Practices Act (FCCPA) Fla. Stat. 559.72 (7) by willfully communicating with Plaintiff with such frequency as can reasonably be expected to harass.

WHEREFORE, Plaintiff demands judgment against Credit Protection Association, LP for actual and statutory damages of $1,000. (Kahmeyer v Federal Credit Corporation)

## COUNT V: FIFTH CLAIM UNDER FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA) FLA. STAT. 559 PART VI

60. Paragraphs 1 through 36 and paragraphs 42 through 47 are hereby re-alleged and incorporated as if more fully and completely stated herein.

61. On or about 25 October 2013 at about 8:33 PM Defendant called the Plaintiff's cellular telephone leaving a pre-recorded message. (EXHIBIT E) and (EXHIBIT U)

62. Defendant, Credit Protection Association, LP, was in violation of Florida Consumer Collection Practices Act (FCCPA) Fla. Stat. 559.72 (9) by claim, attempt, or threatening to enforce a debt when such person knows that the debt is not legitimate or asserts the existence of some other legal right when such person knows that the right does not exist.

63. Defendant, Credit Protection Association, LP, was in violation of Florida Consumer Collection Practices Act (FCCPA) Fla. Stat. 559.72 (7) by willfully communicating with Plaintiff with such frequency as can reasonably be expected to harass.

WHEREFORE, Plaintiff demands judgment against Credit Protection Association, LP for actual and statutory damages of $1,000. (Kahmeyer v Federal Credit Corporation)

## COUNT VI: SIXTH CLAIM UNDER FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA) FLA. STAT. 559 PART VI

64. Paragraphs 1 through 36 and paragraphs 42 through 47 are hereby re-alleged and incorporated as if more fully and completely stated herein.

65. On or about 29 October 2013 at about 7:48 PM Defendant called the Plaintiff's cellular telephone leaving a pre-recorded message. (EXHIBIT F) and (EXHIBIT U)

66. Defendant, Credit Protection Association, LP, was in violation of Florida Consumer Collection Practices Act (FCCPA) Fla. Stat. 559.72 (9) by claim, attempt, or threatening to enforce a debt when such person knows that the debt is not legitimate or asserts the existence of some other legal right when such person knows that the right does not exist.

67. Defendant, Credit Protection Association, LP, was in violation of Florida Consumer Collection Practices Act (FCCPA) Fla. Stat. 559.72 (7) by willfully communicating with Plaintiff with such frequency as can reasonably be expected to harass.

WHEREFORE, Plaintiff demands judgment against Credit Protection Association, LP for actual and statutory damages of $1,000. (Kahmeyer v Federal Credit Corporation)

## COUNT VII: SEVENTH CLAIM UNDER FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA) FLA. STAT. 559 PART VI

68. Paragraphs 1 through 36 and paragraphs 42 through 47 are hereby re-alleged and incorporated as if more fully and completely stated herein.

69. On or about 29 October 2013 at about 8:28 PM Defendant called the Plaintiff's cellular telephone leaving a pre-recorded message. (EXHIBIT G) and (EXHIBIT U)

70. Defendant, Credit Protection Association, LP, was in violation of Florida Consumer Collection Practices Act (FCCPA) Fla. Stat. 559.72 (9) by claim, attempt, or threatening to enforce a debt when such person knows that the debt is not legitimate or asserts the existence of some other legal right when such person knows that the right does not exist.

71. Defendant, Credit Protection Association, LP, was in violation of Florida Consumer Collection Practices Act (FCCPA) Fla. Stat. 559.72 (7) by willfully communicating with Plaintiff with such frequency as can reasonably be expected to harass.

WHEREFORE, Plaintiff demands judgment against Credit Protection Association, LP for actual and statutory damages of $1,000. (Kahmeyer v Federal Credit Corporation)

## COUNT VIII: EIGHTH CLAIM UNDER FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA) FLA. STAT. 559 PART VI

72. Paragraphs 1 through 36 and paragraphs 42 through 47 are hereby re-alleged and incorporated as if more fully and completely stated herein.

73. On or about 30 October 2013 at about 8:35 PM Defendant called the Plaintiff's cellular telephone leaving a pre-recorded message. (EXHIBIT H) and (EXHIBIT U)

74. Defendant, Credit Protection Association, LP, was in violation of Florida Consumer Collection Practices Act (FCCPA) Fla. Stat. 559.72 (9) by claim, attempt, or threatening to enforce a debt when such person knows that the debt is not legitimate or asserts the existence of some other legal right when such person knows that the right does not exist.

75. Defendant, Credit Protection Association, LP, was in violation of Florida Consumer Collection Practices Act (FCCPA) Fla. Stat. 559.72 (7) by willfully communicating with Plaintiff with such frequency as can reasonably be expected to harass.

WHEREFORE, Plaintiff demands judgment against Credit Protection Association, LP for actual and statutory damages of $1,000. (Kahmeyer v Federal Credit Corporation)

## COUNT IX: NINTH CLAIM UNDER FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA) FLA. STAT. 559 PART VI

76. Paragraphs 1 through 36 and paragraphs 42 through 47 are hereby re-alleged and incorporated as if more fully and completely stated herein.

77. On or about 6 November 2013 at about 7:16 PM Defendant called the Plaintiff's cellular telephone. (EXHIBIT I)

78. Defendant, Credit Protection Association, LP, was in violation of Florida Consumer Collection Practices Act (FCCPA) Fla. Stat. 559.72 (9) by claim, attempt, or threatening to enforce a debt when such person knows that the debt is not legitimate or asserts the existence of some other legal right when such person knows that the right does not exist.

79. Defendant, Credit Protection Association, LP, was in violation of Florida Consumer Collection Practices Act (FCCPA) Fla. Stat. 559.72 (7) by willfully communicating with Plaintiff with such frequency as can reasonably be expected to harass.

WHEREFORE, Plaintiff demands judgment against Credit Protection Association, LP for actual and statutory damages of $1,000. (Kahmeyer v Federal Credit Corporation)

## COUNT X: TENTH CLAIM UNDER FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA) FLA. STAT. 559 PART VI

80. Paragraphs 1 through 36 and paragraphs 42 through 47 are hereby re-alleged and incorporated as if more fully and completely stated herein.

81. On or about 7 November 2013 at about 7:32 PM Defendant called the Plaintiff's cellular telephone leaving a pre-recorded message. (EXHIBIT J) and (EXHIBIT U)

82. Defendant, Credit Protection Association, LP, was in violation of Florida Consumer Collection Practices Act (FCCPA) Fla. Stat. 559.72 (9) by claim, attempt, or threatening to enforce a debt when such person knows that the debt is not legitimate or asserts the existence of some other legal right when such person knows that the right does not exist.

83. Defendant, Credit Protection Association, LP, was in violation of Florida Consumer Collection Practices Act (FCCPA) Fla. Stat. 559.72 (7) by willfully communicating with Plaintiff with such frequency as can reasonably be expected to harass.

WHEREFORE, Plaintiff demands judgment against Credit Protection Association, LP for actual and statutory damages of $1,000. (Kahmeyer v Federal Credit Corporation)

## COUNT XI: ELEVENTH CLAIM UNDER FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA) FLA. STAT. 559 PART VI

84. Paragraphs 1 through 36 and paragraphs 42 through 47 are hereby re-alleged and incorporated as if more fully and completely stated herein.

85. On or about 8 November 2013 at about 4:40 PM Defendant called the Plaintiff's cellular Telephone leaving a pre-recorded message. (EXHIBIT K) and (EXHIBIT U)

86. Defendant, Credit Protection Association, LP, was in violation of Florida Consumer Collection Practices Act (FCCPA) Fla. Stat. 559.72 (9) by claim, attempt, or threatening to enforce a debt when such person knows that the debt is not legitimate or asserts the

existence of some other legal right when such person knows that the right does not exist.

87. Defendant, Credit Protection Association, LP, was in violation of Florida Consumer Collection Practices Act (FCCPA) Fla. Stat. 559.72 (7) by willfully communicating with Plaintiff with such frequency as can reasonably be expected to harass.

WHEREFORE, Plaintiff demands judgment against Credit Protection Association, LP for actual and statutory damages of $1,000. (Kahmeyer v Federal Credit Corporation)

## COUNT XII: TWELVETH CLAIM UNDER FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA) FLA. STAT.  559 PART VI

88. Paragraphs 1 through 36 and paragraphs 42 through 47 are hereby re-alleged and incorporated as if more fully and completely stated herein.

89. On or about 11 November 2013 at about 4:04 PM Defendant called the Plaintiff's cellular telephone leaving a pre-recorded message. (EXHIBIT L) and  (EXHIBIT U)

90. Defendant, Credit Protection Association, LP, was in violation of Florida Consumer Collection Practices Act (FCCPA) Fla. Stat. 559.72 (9) by claim, attempt, or threatening to enforce a debt when such person knows that the debt is not legitimate or asserts the existence of some other legal right when such person knows that the right does not exist.

91. Defendant, Credit Protection Association, LP, was in violation of Florida Consumer Collection Practices Act (FCCPA) Fla. Stat. 559.72 (7) by willfully communicating with Plaintiff with such frequency as can reasonably be expected to harass.

WHEREFORE, Plaintiff demands judgment against Credit Protection Association, LP for actual and statutory damages of $1,000. (Kahmeyer v Federal Credit Corporation)

## COUNT XIII: THIRTEENTH CLAIM UNDER FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA) FLA. STAT.  559 PART VI

92. Paragraphs 1 through 36 and paragraphs 42 through 47 are hereby re-alleged and incorporated as if more fully and completely stated herein.

93. On or about 12 November 2013 at about 3:55 PM Defendant called the Plaintiff's cellular telephone leaving a pre-recorded message. (EXHIBIT M) and (EXHIBIT U)

94. Defendant, Credit Protection Association, LP, was in violation of Florida Consumer Collection Practices Act (FCCPA) Fla. Stat. 559.72 (9) by claim, attempt, or threatening to enforce a debt when such person knows that the debt is not legitimate or asserts the existence of some other legal right when such person knows that the right does not exist.

95. Defendant, Credit Protection Association, LP, was in violation of Florida Consumer Collection Practices Act (FCCPA) Fla. Stat. 559.72 (7) by willfully communicating with Plaintiff with such frequency as can reasonably be expected to harass.

WHEREFORE, Plaintiff demands judgment against Credit Protection Association, LP for actual and statutory damages of $1,000. (Kahmeyer v Federal Credit Corporation)


## COUNT XIV: FORTEENTH CLAIM UNDER FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA) FLA. STAT. 559 PART VI

96. Paragraphs 1 through 36 and paragraphs 42 through 47 are hereby re-alleged and incorporated as if more fully and completely stated herein.

97. On or about 13 November 2013 at about 5:31 PM Defendant called the Plaintiff's cellular telephone leaving a pre-recorded message. (EXHIBIT N) and (EXHIBIT U)

98. Defendant, Credit Protection Association, LP, was in violation of Florida Consumer Collection Practices Act (FCCPA) Fla. Stat. 559.72 (9) by claim, attempt, or threatening to enforce a debt when such person knows that the debt is not legitimate or asserts the existence of some other legal right when such person knows that the right does not exist.

99. Defendant, Credit Protection Association, LP, was in violation of Florida Consumer Collection Practices Act (FCCPA) Fla. Stat. 559.72 (7) by willfully communicating with Plaintiff with such frequency as can reasonably be expected to harass.

WHEREFORE, Plaintiff demands judgment against Credit Protection Association, LP for actual and statutory damages of $1,000. (Kahmeyer v Federal Credit Corporation)


## COUNT XV: FIFTEENTH CLAIM UNDER FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA) FLA. STAT. 559 PART VI

100. Paragraphs 1 through 36 and paragraphs 42 through 47 are hereby re-alleged and incorporated as if more fully and completely stated herein.

101. On or about 18 November 2013 at about 2:29 PM Defendant called the Plaintiff's cellular telephone leaving a pre-recorded message. (EXHIBIT O) and (EXHIBIT U)

102. Defendant, Credit Protection Association, LP, was in violation of Florida Consumer Collection Practices Act (FCCPA) Fla. Stat. 559.72 (9) by claim, attempt, or threatening to enforce a debt when such person knows that the debt is not legitimate or asserts the existence of some other legal right when such person knows that the right does not exist.

103. Defendant, Credit Protection Association, LP, was in violation of Florida Consumer Collection Practices Act (FCCPA) Fla. Stat. 559.72 (7) by willfully communicating with Plaintiff with such frequency as can reasonably be expected to harass.

WHEREFORE, Plaintiff demands judgment against Credit Protection Association, LP for actual and statutory damages of $1,000. (Kahmeyer v Federal Credit Corporation)

## COUNT XVI: SIXTEENTH CLAIM UNDER FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA) FLA. STAT. 559 PART VI

104. Paragraphs 1 through 36 and paragraphs 42 through 47 are hereby re-alleged and incorporated as if more fully and completely stated herein.

105. On or about 21 November 2013 at about 4:25 PM Defendant called the Plaintiff's cellular telephone leaving a pre-recorded message. (EXHIBIT P) and (EXHIBIT U)

106. Defendant, Credit Protection Association, LP, was in violation of Florida Consumer Collection Practices Act (FCCPA) Fla. Stat. 559.72 (9) by claim, attempt, or threatening to enforce a debt when such person knows that the debt is not legitimate or asserts the existence of some other legal right when such person knows that the right does not exist.

107. Defendant, Credit Protection Association, LP, was in violation of Florida Consumer Collection Practices Act (FCCPA) Fla. Stat. 559.72 (7) by willfully communicating with Plaintiff with such frequency as can reasonably be expected to harass.

WHEREFORE, Plaintiff demands judgment against Credit Protection Association, LP for actual and statutory damages of $1,000. (Kahmeyer v Federal Credit Corporation)

## COUNT XVII: SEVENTEENTH CLAIM UNDER FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA) FLA. STAT. 559 PART VI

108. Paragraphs 1 through 36 and paragraphs 42 through 47 are hereby re-alleged and incorporated as if more fully and completely stated herein.

109. On or about 23 November 2013 at about 6:26 PM Defendant called the Plaintiff's cellular telephone leaving a pre-recorded message. (EXHIBIT Q) and (EXHIBIT U)

110. Defendant, Credit Protection Association, LP, was in violation of Florida Consumer Collection Practices Act (FCCPA) Fla. Stat. 559.72 (9) by claim, attempt, or threatening to enforce a debt when such person knows that the debt is not legitimate or asserts the existence of some other legal right when such person knows that the right does not exist.

111. Defendant, Credit Protection Association, LP, was in violation of Florida Consumer Collection Practices Act (FCCPA) Fla. Stat. 559.72 (7) by willfully communicating with Plaintiff with such frequency as can reasonably be expected to harass.

WHEREFORE, Plaintiff demands judgment against Credit Protection Association, LP for actual and statutory damages of $1,000. (Kahmeyer v Federal Credit Corporation)

## COUNT XVIII: EIGHTEENTH CLAIM UNDER FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA) FLA. STAT. 559 PART VI

112. Paragraphs 1 through 36 and paragraphs 42 through 47 are hereby re-alleged and incorporated as if more fully and completely stated herein.

113. On or about 25 November 2013 at about 6:39 PM Defendant called the Plaintiff's cellular Telephone leaving a pre-recorded message. (EXHIBIT R) and (EXHIBIT U)

114. Defendant, Credit Protection Association, LP, was in violation of Florida Consumer Collection Practices Act (FCCPA) Fla. Stat. 559.72 (9) by claim, attempt, or threatening to enforce a debt when such person knows that the debt is not legitimate or asserts the existence of some other legal right when such person knows that the right does not exist.

115. Defendant, Credit Protection Association, LP, was in violation of Florida Consumer Collection Practices Act (FCCPA) Fla. Stat. 559.72 (7) by willfully communicating with Plaintiff with such frequency as can reasonably be expected to harass.

WHEREFORE, Plaintiff demands judgment against Credit Protection Association, LP for actual and statutory damages of $1,000. (Kahmeyer v Federal Credit Corporation)


## COUNT XIX: NINETEENTH CLAIM UNDER FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA) FLA. STAT. 559 PART VI

116. Paragraphs 1 through 36 and paragraphs 42 through 47 are hereby re-alleged and incorporated as if more fully and completely stated herein.

117. On or about 26 November 2013 at about 5:14 PM Defendant called the Plaintiff's cellular telephone leaving a pre-recorded message. (EXHIBIT S) and (EXHIBIT U)

118. Defendant, Credit Protection Association, LP, was in violation of Florida Consumer Collection Practices Act (FCCPA) Fla. Stat. 559.72 (9) by claim, attempt, or threatening to enforce a debt when such person knows that the debt is not legitimate or asserts the existence of some other legal right when such person knows that the right does not exist.

119. Defendant, Credit Protection Association, LP, was in violation of Florida Consumer Collection Practices Act (FCCPA) Fla. Stat. 559.72 (7) by willfully communicating with Plaintiff with such frequency as can reasonably be expected to harass.

WHEREFORE, Plaintiff demands judgment against Credit Protection Association, LP for actual and statutory damages of $1,000. (Kahmeyer v Federal Credit Corporation)


## COUNT XX: TWENTIETH CLAIM UNDER FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA) FLA. STAT. 559 PART VI

120. Paragraphs 1 through 36 and paragraphs 42 through 47 are hereby re-alleged and incorporated as if more fully and completely stated herein.

121. On or about 19 August 2013 at about 7:21 PM Defendant called the Plaintiff's cellular telephone leaving a pre-recorded message. (EXHIBIT T) and (EXHIBIT U)

122. Defendant, Credit Protection Association, LP, was in violation of Florida Consumer Collection Practices Act (FCCPA) Fla. Stat. 559.72 (9) by claim, attempt, or threatening to enforce a debt when such person knows that the debt is not legitimate or asserts the existence of some other legal right when such person knows that the right does not exist.

123. Defendant, Credit Protection Association, LP, was in violation of Florida Consumer Collection Practices Act (FCCPA) Fla. Stat. 559.72 (7) by willfully communicating with Plaintiff with such frequency as can reasonably be expected to harass.

WHEREFORE, Plaintiff demands judgment against Credit Protection Association, LP for actual and statutory damages of $1,000. (Kahmeyer v Federal Credit Corporation)


## PART VII

## CLAIMS FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA) 47 USC

## COUNT I: FIRST CLAIM UNDER TELEPHONE CONSUMER PROTECTION ACT

124. Paragraphs 1 through 36 are hereby re-alleged and incorporated as if more fully and completely stated herein.

125. On or about 16 October 2013 at about 4:41 PM Defendant called the Plaintiff's cellular telephone leaving a pre-recorded voicemail message for a third party, "Tommy Mitchell" without prior permission, without prior express permission, without prior written express permission; or for emergency purposes. (EXHIBIT A) and (EXHIBIT U)

126. Defendant has demonstrated willful or knowing non-compliance with 47 USC § 227 (b) (1) (A) by calling the Plaintiff's phone number which is assigned to a cellular telephone service contrary to 47 USC (b) (1) (A) which states in part;

(1) **PROHIBITIONS.** ---- it shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States----

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or pre-recorded voice.

127. Defendant has demonstrated willful or knowing non-compliance with 47 USC § 227 (b) (1) (A) (iii) , by calling Plaintiff's cellular telephone; which states in part:

(iii) to any telephone number assigned to a paging service, cellular telephone service, any specialized mobile radio service, or other radio common carrier service, or service for which the called party is charged for the call by using an automatic telephone dialing system to call Plaintiff's cellular telephone.

123. Defendant, Credit Protection Association, LP, was in violation of Florida Consumer
  Collection Practices Act (FCCPA) Fla. Stat. 559.72 (7) by willfully communicating with
  Plaintiff with such frequency as can reasonably be expected to harass.

WHEREFORE, Plaintiff demands judgment against Credit Protection Association, LP for actual
and statutory damages of $1,000.


## PART VII

## CLAIMS FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA) 47 USC

## COUNT I: FIRST CLAIM UNDER TELEPHONE CONSUMER PROTECTION ACT

124. Paragraphs 1 through 36 are hereby re-alleged and incorporated as if more fully and
  completely stated herein.

125. On or about 16 October 2013 at about 4:41 PM Defendant called the Plaintiff's cellular
  telephone leaving a pre-recorded voicemail message for a third party, "Tommy Mitchell"
  without prior permission, without prior express permission, without prior written express
  permission; or for emergency purposes. (EXHIBIT A) and (EXHIBIT U)

126. Defendant has demonstrated willful or knowing non-compliance with 47 USC § 227 (b) (1)
  (A) by calling the Plaintiff's phone number which is assigned to a cellular telephone service
  contrary to 47 USC (b) (1) (A) which states in part;

  (1) PROHIBITIONS. ---- it shall be unlawful for any person within the United States, or any person
    outside the United States if the recipient is within the United States-----

    (A) to make any call (other than a call made for emergency purposes or made with the prior
      express consent of the called party) using any automatic telephone dialing system or an
      artificial or pre-recorded voice.

127. Defendant has demonstrated willful or knowing non-compliance with 47 USC § 227 (b) (1) (A) (iii) ,
  by calling Plaintiff's cellular telephone; which states in part:

    (iii) to any telephone number assigned to a paging service, cellular telephone
    service, any specialized mobile radio service, or other radio common carrier service, or service
    for which the called party is charged for the call by using an automatic telephone dialing
    system to call Plaintiff's cellular telephone.

128. Defendant has demonstrated willful or knowing non-compliance with 47 USC § 227 (b) (2) (5) by calling the Plaintiff's cellular telephone number more than once during a 12 month period.

WHEREFORE, Plaintiff demands judgment against Credit Protection Association, LP for actual and statutory damages of $500.

## COUNT II: SECOND CLAIM UNDER TELEPHONE CONSUMER PROTECTION ACT

129. Plaintiff re-alleges paragraphs 1-36 and paragraphs 126 through 128 are hereby re-alleged and incorporated as if more fully and completely stated herein.

130. On or about 17 October 2013 at about 8:15 PM Defendant called the Plaintiff's cellular telephone leaving a pre-recorded voicemail message for a third party, "Tommy Mitchell" without prior permission, without prior express permission, without prior written express permission; or for emergency purposes. (EXHIBIT B) and (EXHIBIT U)

WHEREFORE, Plaintiff demands judgment against Credit Protection Association, LP for actual and statutory damages of $1,500.

## COUNT III: THIRD CLAIM UNDER TELEPHONE CONSUMER PROTECTION ACT

131. Plaintiff re-alleges paragraphs 1-36 and paragraphs 126 through 128 are hereby re-alleged and incorporated as if more fully and completely stated herein.

132. On or about 18 October 2013 at about 8:45 PM Defendant called the Plaintiff's cellular telephone leaving a pre-recorded voicemail message for a third party, "Tommy Mitchell" without prior permission, without prior express permission, without prior written express permission; or for emergency purposes. (EXHIBIT C) and (EXHIBIT U)

WHEREFORE, Plaintiff demands judgment against Credit Protection Association, LP for actual and statutory damages of $1,500.

## COUNT IV: FORTH CLAIM UNDER TELEPHONE CONSUMER PROTECTION ACT

133. Plaintiff re-alleges paragraphs 1-36 and paragraphs 128 through 130 are hereby re-alleged and incorporated as if more fully and completely stated herein.

134. On or about 22 October 2013 at about 7:03 PM Defendant called the Plaintiff's cellular

telephone leaving a pre-recorded voicemail message for a third party, "Tommy Mitchell" without prior permission, without prior express permission, without prior written express permission; or for emergency purposes. (EXHIBIT D) and (EXHIBIT U)

WHEREFORE, Plaintiff demands judgment against Credit Protection Association, LP for actual and statutory damages of $1,500.

## COUNT V: FIFTH CLAIM UNDER TELEPHONE CONSUMER PROTECTION ACT

135. Plaintiff re-alleges paragraphs 1-36 and paragraphs 126 through 128 are hereby re-alleged and incorporated as if more fully and completely stated herein.

136. On or about 25 October 2013 at about 8:33 PM Defendant called the Plaintiff's cellular telephone leaving a pre-recorded voicemail message for a third party, "Tommy Mitchell" without prior permission, without prior express permission, without prior written express permission; or for emergency purposes. (EXHIBIT E) and (EXHIBIT U)

WHEREFORE, Plaintiff demands judgment against Credit Protection Association, LP for actual and statutory damages of $1,500.

## COUNT VI: SIXTH CLAIM UNDER TELEPHONE CONSUMER PROTECTION ACT

137. Plaintiff re-alleges paragraphs 1-36 and paragraphs 126 through 128 are hereby re-alleged and incorporated as if more fully and completely stated herein.

138. On or about 29 October 2013 at about 7:48 PM Defendant called the Plaintiff's cellular telephone leaving a pre-recorded voicemail message for a third party, "Tommy Mitchell" without prior permission, without prior express permission, without prior written express permission; or for emergency purposes. (EXHIBIT F) and (EXHIBIT U)

WHEREFORE, Plaintiff demands judgment against Credit Protection Association, LP for actual and statutory damages of $1,500.

## COUNT VII: SEVENTH CLAIM UNDER TELEPHONE CONSUMER PROTECTION ACT

139. Plaintiff re-alleges paragraphs 1-36 and paragraphs 126 through 128 are hereby re-alleged and incorporated as if more fully and completely stated herein.

140. On or about 29 October 2013 at about 8:28 PM Defendant called the Plaintiff's cellular telephone leaving a pre-recorded voicemail message for a third party, "Tommy Mitchell" without prior permission, without prior express permission, without prior written express permission; or for emergency purposes. (EXHIBIT G) and (EXHIBIT U)

WHEREFORE, Plaintiff demands judgment against Credit Protection Association, LP for actual and statutory damages of $1,500.

## COUNT VIII: EIGHTH CLAIM UNDER TELEPHONE CONSUMER PROTECTION ACT

141. Plaintiff re-alleges paragraphs 1-36 and paragraphs 126 through 128 are hereby re-alleged and incorporated as if more fully and completely stated herein.

142. On or about 30 October 2013 at about 8:35 PM Defendant called the Plaintiff's cellular telephone leaving a pre-recorded voicemail message for a third party, "Tommy Mitchell" without prior permission, without prior express permission, without prior written express permission; or for emergency purposes. (EXHIBIT H) and (EXHIBIT U)

WHEREFORE, Plaintiff demands judgment against Credit Protection Association, LP for actual and statutory damages of $1,500.

## COUNT IX: NINTH CLAIM UNDER TELEPHONE CONSUMER PROTECTION ACT

143. Plaintiff re-alleges paragraphs 1-36 and paragraphs 126 through 128 are hereby re-alleged and incorporated as if more fully and completely stated herein.

144. On or about 6 November 2013 at about 7:16 PM Defendant called the Plaintiff's cellular telephone leaving a pre-recorded voicemail message for a third party, "Tommy Mitchell"

without prior permission, without prior express permission, without prior written express permission; or for emergency purposes. (EXHIBIT I) and (EXHIBIT U)

WHEREFORE, Plaintiff demands judgment against Credit Protection Association, LP for actual and statutory damages of $1,500.

## COUNT X: TENTH CLAIM UNDER TELEPHONE CONSUMER PROTECTION ACT

145. Plaintiff re-alleges paragraphs 1-36 and paragraphs 126 through 128 are hereby re-alleged and incorporated as if more fully and completely stated herein.

146. On or about 7 November 2013 at about 7:32 PM Defendant called the Plaintiff's cellular telephone leaving a pre-recorded voicemail message for a third party, "Tommy Mitchell" without prior permission, without prior express permission, without prior written express permission; or for emergency purposes. (EXHIBIT J) and (EXHIBIT U)

WHEREFORE, Plaintiff demands judgment against Credit Protection Association, LP for actual and statutory damages of $1,500.

## COUNT XI: ELEVENTH CLAIM UNDER TELEPHONE CONSUMER PROTECTION ACT

147. Plaintiff re-alleges paragraphs 1-36 and paragraphs 126 through 128 are hereby re-alleged and incorporated as if more fully and completely stated herein.

148. On or about 8 November 2013 at about 4:40 PM Defendant called the Plaintiff's cellular telephone leaving a pre-recorded voicemail message for a third party, "Tommy Mitchell" without prior permission, without prior express permission, without prior written express permission; or for emergency purposes. (EXHIBIT K) and (EXHIBIT U)

WHEREFORE, Plaintiff demands judgment against Credit Protection Association, LP for actual and statutory damages of $1,500.

## COUNT XII : TWELFTH CLAIM UNDER TELEPHONE CONSUMER PROTECTION ACT

149. Plaintiff re-alleges paragraphs 1-36 and paragraphs 126 through 128 are hereby re-alleged and incorporated as if more fully and completely stated herein.

150. On or about 11 November 2013 at about 4:04 PM Defendant called the Plaintiff's cellular telephone leaving a pre-recorded voicemail message for a third party, "Tommy Mitchell" without prior permission, without prior express permission, without prior written express permission; or for emergency purposes. (EXHIBIT L) and (EXHIBIT U)

WHEREFORE, Plaintiff demands judgment against Credit Protection Association, LP for actual and statutory damages of $1,500.

## COUNT XIII: THIRTEENTH CLAIM UNDER TELEPHONE CONSUMER PROTECTION ACT

151. Plaintiff re-alleges paragraphs 1-36 and paragraphs 126 through 128 are hereby re-alleged and incorporated as if more fully and completely stated herein.

152. On or about 12 November 2013 at about 3:55 PM Defendant called the Plaintiff's cellular telephone leaving a pre-recorded voicemail message for a third party, "Tommy Mitchell" without prior permission, without prior express permission, without prior written express permission; or for emergency purposes. (EXHIBIT M) and (EXHIBIT U)

WHEREFORE, Plaintiff demands judgment against Credit Protection Association, LP for actual and statutory damages of $1,500.

## COUNT XIV: FOURTEENTH CLAIM UNDER TELEPHONE CONSUMER PROTECTION ACT

153. Plaintiff re-alleges paragraphs 1-36 and paragraphs 126 through 128 are hereby re-alleged and incorporated as if more fully and completely stated herein.

154. On or about 13 November 2013 at about 5:31 PM Defendant called the Plaintiff's cellular telephone leaving a pre-recorded voicemail message for a third party, "Tommy Mitchell" without prior permission, without prior express permission, without prior written express permission; or for emergency purposes. (EXHIBIT N) and (EXHIBIT U)

WHEREFORE, Plaintiff demands judgment against Credit Protection Association, LP for actual and statutory damages of $1,500.

## COUNT XV: FIFTEENTH CLAIM UNDER TELEPHONE CONSUMER PROTECTION ACT

155. Plaintiff re-alleges paragraphs 1-36 and paragraphs 126 through 128 are hereby re-alleged and incorporated as if more fully and completely stated herein.

156. On or about 18 November 2013 at about 2:29 PM Defendant called the Plaintiff's cellular telephone leaving a pre-recorded voicemail message for a third party, "Tommy Mitchell" without prior permission, without prior express permission, without prior written express permission; or for emergency purposes. (EXHIBIT O) and (EXHIBIT U)

WHEREFORE, Plaintiff demands judgment against Credit Protection Association, LP for actual and statutory damages of $1,500.

## COUNT XVI: SIXTEENTH CLAIM UNDER TELEPHONE CONSUMER PROTECTION ACT

157. Plaintiff re-alleges paragraphs 1-36 and paragraphs 126 through 128 are hereby re-alleged and incorporated as if more fully and completely stated herein.

158. On or about 21 November 2013 at about 4:25 PM Defendant called the Plaintiff's cellular telephone leaving a pre-recorded voicemail message for a third party, "Tommy Mitchell" without prior permission, without prior express permission, without prior written express

permission; or for emergency purposes. (EXHIBIT P) and (EXHIBIT U)

WHEREFORE, Plaintiff demands judgment against Credit Protection Association, LP for actual and statutory damages of $1,500.

## COUNT XVII: SEVENTEENTH CLAIM UNDER TELEPHONE CONSUMER PROTECTION ACT

159. Plaintiff re-alleges paragraphs 1-36 and paragraphs 126 through 128 are hereby re-alleged and incorporated as if more fully and completely stated herein.

160. On or about 23 November 2013 at about 6:26 PM Defendant called the Plaintiff's cellular telephone leaving a pre-recorded voicemail message for a third party, "Tommy Mitchell" without prior permission, without prior express permission, without prior written express permission; or for emergency purposes. (EXHIBIT Q) and (EXHIBIT U)

WHEREFORE, Plaintiff demands judgment against Credit Protection Association, LP for actual and statutory damages of $1,500.

## COUNT XVIII: EIGHTEENTH CLAIM UNDER TELEPHONE CONSUMER PROTECTION ACT

161. Plaintiff re-alleges paragraphs 1-36 and paragraphs 126 through 128 are hereby re-alleged and incorporated as if more fully and completely stated herein.

162. On or about 25 November 2013 at about 6:39 PM Defendant called the Plaintiff's cellular telephone leaving a pre-recorded voicemail message for a third party, "Tommy Mitchell" without prior permission, without prior express permission, without prior written express permission; or for emergency purposes. (EXHIBIT R) and (EXHIBIT U)

WHEREFORE, Plaintiff demands judgment against Credit Protection Association, LP for actual and statutory damages of $1,500.

## COUNT XIX: NINETEENTH CLAIM UNDER TELEPHONE CONSUMER PROTECTION ACT

163. Plaintiff re-alleges paragraphs 1-36 and paragraphs 126 through 128 are hereby re-alleged and incorporated as if more fully and completely stated herein.

164. On or about 26 November 2013 at about 5:14 PM Defendant called the Plaintiff's cellular telephone leaving a pre-recorded voicemail message for a third party, "Tommy Mitchell" without prior permission, without prior express permission, without prior written express permission; or for emergency purposes. (EXHIBIT S) and (EXHIBIT U)

WHEREFORE, Plaintiff demands judgment against Credit Protection Association, LP for actual and statutory damages of $1,500.

## COUNT XX: TWENTIETH CLAIM UNDER TELEPHONE CONSUMER PROTECTION ACT

165. Plaintiff re-alleges paragraphs 1-36 and paragraphs 126 through 128 are hereby re-alleged and incorporated as if more fully and completely stated herein.

166. On or about 19 August 2013 at about 7:21 PM Defendant called the Plaintiff's cellular telephone leaving a pre-recorded voicemail message for a third party, "Tommy Mitchell" without prior permission, without prior express permission, without prior written express permission; or for emergency purposes. (EXHIBIT T) and (EXHIBIT U)

WHEREFORE, Plaintiff demands judgment against Credit Protection Association, LP for actual and statutory damages of $1,500.

## PART VII
## AD DAMNUM

WHEREFORE, Plaintiff, Janda Grace McBeth demands judgment against Defendant, Credit Protection Association, LP for total damages as follows:

a. FDCPA, FCCPA, TCPA ACTUAL DAMAGES: Actual damages under the FDCPA, FCCPA, TCPA;

b. FCCPA EQUITABLE RELIEF: Equitable relief enjoining the Defendant from further violations of the FCCPA;

c. TCPA EQUITABLE RELIEF: Equitable relief enjoining the Defendant from further violations of the TCPA;

d. FEES AND COSTS: Costs and fees under the FDCPA, FCCPA, and TCPA;

e. FDCPA STATUTORY DAMAGES: Statutory damages in the amount of $1,000 for violations of the FDCPA;

f. FCCPA STATUTORY DAMAGES: Statutory damages in the amount of $20,000 for violations of the FCCPA;

g. TCPA STATUTORY DAMAGES: Statutory damages in the amount of $29,000 for violations of the TCPA.

**EXHIBIT "U"**

Janda Grace McBeth

Plaintiff

V

Credit Protection Association, LP

Defendant

State of Florida

County of Hillsborough

**AFFIDAVIT**

My name is Janda Grace McBeth, and I am of sound mind, lawful age, capable of making this Affidavit. The statements set forth in this affidavit are true and correct to the best of my knowledge, information and belief based on my personal knowledge.

The following statement applies to paragraphs 1-20, including, but not limited to:

Pre-recorded messages through the use of a predictive dialing system were placed on my cellular telephone number 813-716-6732 from telephone number 888-745-3191.

The pre-recorded messages included instructions for a "Tommy Mitchell" to return a call to 888-745-3191.

Party "Tommy Mitchell" is unknown to me.

1. On or about 16 October 2013 at about 4:41 PM Defendant called my cellular telephone.
2. On or about 17 October 2013 at about 8:15 PM Defendant called my cellular telephone.

3. On or about 18 October 2013 at about 8:45 PM Defendant called my cellular telephone.

4. On or about 22 October 2013 at about 7:03 PM Defendant called my cellular telephone.

5. On or about 25 October 2013 at about 8:33 PM Defendant called my cellular telephone.

6. On or about 29 October 2013 at about 7:48 PM Defendant called my cellular telephone.

7. On or about 29 October 2013 at about 8:28 PM Defendant called my cellular telephone.

8. On or about 30 October 2013 at about 8:35 PM Defendant called my cellular telephone.

9. On or about 6 November 2013 at about 7:16 PM Defendant called my cellular telephone.

10. On or about 7 November 2013 at about 7:32 PM Defendant called my cellular telephone.

11. On or about 8 November 2013 at about 4:40 PM Defendant called my cellular telephone.

12. On or about 11 November 2013 at about 4:04 PM Defendant called my cellular telephone.

13. On or about 12 November 2013 at about 3:55 PM Defendant called my cellular telephone.

14. On or about 13 November 2013 at about 5:31 PM Defendant called my cellular telephone.

15. On or about 18 November 2013 at about 2:29 PM Defendant called my cellular telephone.

16. On or about 21 November 2013 at about 4:25 PM Defendant called my cellular telephone.

17. On or about 23 November 2013 at about 6:26 PM Defendant called my cellular telephone.

18. On or about 25 November 2013 at about 6:39 PM Defendant called my cellular telephone.

19. On or about 26 November 2013 at about 5:14 PM Defendant called my cellular telephone.

20. On or about 19 August 2013 at about 7:21 PM Defendant called my cellular telephone.

_____
Janda Grace McBeth

_____
Notary Public
My Commission Expires: 2·18·15
State of Florida
County: Hillsborough



Notary Public State of Florida
Andrea L Brock
My Commission EE047043
Expires 02/18/2015

**EXHIBIT "T"**

Janda G McBeth

Plaintiff


V


Credit Protection Association, LP

Defendant

State of Florida

County of Hillsborough

**AFFIDAVIT**

My name is Janda Grace McBeth, and I am of sound mind, lawful age, capable of making this affidavit. The statements set forth in this affidavit are true and correct to the best of my knowledge, information and belief based on my personal knowledge.


1. On or about 19 August 2013 at about 7:21 PM , I received a voicemail message on my cellular telephone number; 813-716-6732.

2. The voicemail message was received from 888-745-3191.

3. Telephone number 888-745-3191 belongs to Plaintiff, Credit Protection Association, LP.

4. The voicemail message provided instructions for a "Tommy Mitchell" to return a call to Credit Protection Association at  1-888-745-3191.


On this 24th day of January, 2014, before the undersigned Notary Public in and for the State of Florida, personally appeared Janda Grace McBeth, known to me to be the person who executed the Affidavit on behalf of the above named Plaintiff, herself, and acknowledged to me that she executed the same for the purposes herein stated.

_____
Janda Grace McBeth

_____
Notary Public
My Commission Expires: 2·18·15
State of Florida
Hillsborough County



Notary Public State of Florida
Andrea L Brock
My Commission EE047043
Expires 02/18/2015