UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JANDA GRACE MCBETH,

    Plaintiff,

CASE NO.:  8:14-CV-00606-MSS-AEP

-vs-

CREDIT PROTECTION ASSOCIATION, LP,

    Defendant,
_____/

## FIFTH AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL [1]

Plaintiff, JANDA GRACE MCBETH, sues the Defendant, CREDIT PROTECTION ASSOCIATION, LP, and alleges as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 as this case presents a federal question, and pursuant to 15 U.S.C. § 1692k(d) and/or pursuant to 28 U.S.C. § 1367 for pendant state law claims.

2. Plaintiff brings this action to recover damages for Defendant's acts in violation of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, *et seq.*, (hereafter "TCPA") the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereafter "FDCPA"), and the Florida Consumer Collection Practices Act, sections 559.55, *et seq.*, Florida Statutes (hereafter "FCCPA").

---

[1] Plaintiff's Fourth Amended Complaint contained certain typographical errors inconsistent with the relief sought in Plaintiff's Motion for Leave to Amend (Dkt. 79). Plaintiff's Fifth Amended Complaint is materially identical to Plaintiff's Fourth Amended Complaint, and is filed only to correct said typographical errors.

3. The alleged violations described herein occurred in Hillsborough County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. § 1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## PARTIES

4. Plaintiff JANDA GRACE MCBETH is a natural person over the age of eighteen (18), who resides in Plant City, Hillsborough County, Florida.

5. Plaintiff is a debtor and/or alleged debtor as that term is defined by section 559.55(2), Florida Statutes.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is the "called party" with respect to the calls placed to her cellular telephone number, (813) 716-6732, as further described herein. See Soppet v. Enhanced Recovery Co., LLC, 679 F.3d 637, 643 (7th Cir. 2012); Breslow v. CPA Bank, N.A., 755 F.3d 1265, 1266, 1267 Communications Reg. (P & F) 934, (11th Cir.2014).

8. Defendant CREDIT PROTECTION ASSOCIATION, LP, (hereafter "CPA") is a foreign limited liability company with its primary place of business at 13355 Noel Road, 21st Floor, Dallas, Texas 75240, doing business in Florida through its registered agent C T Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

## FACTUAL ALLEGATIONS

9. At all times material hereto, Defendant CPA sought to collect an alleged debt from Plaintiff JANDA GRACE MCBETH that arose from a transaction allegedly incurred for personal, family or household purposes and is therefore a "consumer debt" as that term is defined by section 559.55(6), Florida Statutes.

10. As described herein, Defendant employed business practices resulting in intentional harassment and abuse of the Plaintiff and engaged in patterns of outrageous, abusive and harassing conduct by and through its agents and representatives in an effort to collect the above referenced debt from the Plaintiff.

11. Defendant has engaged in collection conduct in violation of the TCPA, FDCPA, and FCCPA, and constituting intentional harassment and abuse of the Plaintiff, by and through its agents and representatives, on numerous occasions, within the four (4) year period preceding the filing of this action by initiating calls to Plaintiff's cellular telephone number, (813) 716-6732, and to the Plaintiff's business phone number, several times per day, and on back to back days, with such frequency as can reasonably be expected to harass, in an effort to collect the above described debt that Plaintiff does not owe.

12. In 2013, Defendant, its agents and employees, began its campaign of telephone collection calls to the Plaintiff on her aforementioned cellular telephone number in an attempt to collect an alleged debt, allegedly owned by an individual named "Tommy Mitchell."

13. Plaintiff is the regular user and carrier of the cellular telephone number at issue, (813) 716-6732, and was the called party and recipient of Defendant CPA's above described debt collection calls.

14. To date, Defendant has placed in excess of seventy (70) calls to Plaintiff on her aforementioned cellular telephone number.

15. Plaintiff has advised Defendant on numerous occasions that she is not Timothy Mitchell and is not responsible for the alleged debt.

16. Moreover, Plaintiff repeatedly requested that Defendant stop calling her regarding the debt, yet the phone calls persisted. Defendant proceeded undeterred in its campaign of

intentional harassment and abuse of the Plaintiff in an effort to collect the debt, including but not limited to:

    a.    Calling Plaintiff's aforementioned cellular telephone number several times per day and on back to back days through December of 2013 (or such time as will be established after a thorough review of Defendant's records). In most instances, Defendant would place multiple calls to the above described cellular telephone number within minutes of each other;

    b.    Calling Plaintiff's aforementioned cellular telephone number from an automated telephone dialing system and leaving pre-recorded messages on Plaintiff's answering machine and voice mail boxes, stating that the message was left in "an attempt to collect a debt";

    c.    Calling Plaintiff's aforementioned cellular telephone number and hanging up either prior to or as soon as Plaintiffs, members of Plaintiff's household, or the Plaintiff's answering machine or voice mail boxes answered the call;

    d.    Calling from numerous different telephone numbers that appeared on Plaintiff's caller ID as someone or some entity other than Defendant or with no identification;

17.    The telephone calls at issue were placed by Defendant using an "automated telephone dialing system" as specified by the TCPA, 47 U.S.C. § 227(a)(1), which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers; and/or which has the capacity to dial numbers from a list without human intervention (hereafter "ATDS" or "autodialer").

18. Defendant initiated each of the calls at issue to Plaintiff's aforementioned cellular telephone numbers without the "prior express consent" of Plaintiff, as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

19. Additionally, none of the telephone calls at issue were placed by Defendant to Plaintiff's aforementioned cellular telephone number for "emergency purposes" as specified by the TCPA, 47 U.S.C. § 227 (b)(1)(A).

20. Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff.

21. Defendant has a corporate policy of using an automatic telephone dialing system or a pre-recorded or artificial voice message, just as it did when calling the Plaintiff's aforementioned cellular telephone number, as described herein.

22. Despite actual knowledge of its wrongdoing, Defendant continued its campaign of abuse.

23. Defendant's corporate policy provided no means for the Plaintiff to have her aforementioned cellular telephone number removed from the call list.

24. Defendant has a corporate policy to harass and abuse individuals like the Plaintiff despite actual knowledge that the called parties did not provide prior express consent to receive the calls, or had revoked such prior express consent verbally, in writing, or through retention of legal counsel.

25. Defendant followed its corporate policies when attempting to communicate with the Plaintiff in connection with the debt at issue.

26. Defendant has been the recipient of numerous complaints from debtors, alleged debtors, and non-debtors across the country, similar to those alleged in this action by Plaintiff.

27.     Defendant is, or should be, in possession and/or control of call logs, account notes, autodialer reports and/or other records that detail the exact number of calls made to Plaintiff's cellular telephone number over the relevant time period.

28.     As a direct and proximate result of Defendant's acts or omissions, as set forth herein, Plaintiff has suffered compensatory, statutory and actual damages in the form of emotional distress, anxiety, fear, worry, embarrassment and mental suffering, pain, anguish, and loss of capacity for the enjoyment of life.

29.     Plaintiff's statutory and actual damages in the form of emotional distress, anxiety, fear, worry, embarrassment and mental suffering, pain, anguish, and loss of capacity for the enjoyment of life pursuant to section 559.77, Florida Statutes, and as described by 15 U.S.C. 1692, and have continued and are continuing as of the filing of this complaint.

30.     All conditions precedent to the filing of this action have occurred or have otherwise been waived.

## COUNT I
## (VIOLATION OF THE TCPA)

31.     Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (30), as if fully set forth herein.

32.     None of the calls at issue were placed by Defendant to Plaintiff's aforementioned cellular telephone number with the "prior express consent" of Plaintiff, as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

33.     Furthermore, Plaintiff revoked any "prior express consent" Defendant may have mistakenly believed it had by verbally requesting that Defendant stop placing calls to her aforementioned cellular telephone number regarding the debt at issue on numerous occasions.

34. Furthermore, none of the calls at issue were placed by Defendant to Plaintiff's aforementioned cellular telephone number for "emergency purposes" as specified by the TCPA, 47 U.S.C. § 227 (b)(1)(A).

35. Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff by repeatedly placing calls to Plaintiff's cellular telephone number using an ATDS and/or artificial or prerecorded voice without Plaintiff's prior express consent, invitation or permission, after Plaintiff instructed Defendant she was not Tommy Mitchell and to stop calling as specifically prohibited by the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).

36. The TCPA provides Plaintiff with a private right of action against Defendant for its violations of the TCPA, as described herein, pursuant to 47 U.S.C. § 227(b)(3), and permits both injunctive relief in addition to statutory damages.

WHEREFORE the Plaintiff, JANDA GRACE MCBETH, respectfully demands judgment against Defendant CPA for statutory damages, actual damages, punitive damages, an injunction from similar conduct in the future, costs, interest, and any other such relief the court may deem just and proper.

## COUNT II
### (VIOLATION OF THE FDCPA)

37. Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (30), as if fully set forth herein.

38. Plaintiff has been the object of collection activity by Defendant CPA arising from a consumer debt.

39. Defendant CPA is a "debt collector" as defined by the FDCPA.

40. Defendant CPA engaged in an act or omission prohibited under 15 U.S.C. § 1692d by engaging in conduct in connection with the collection of a debt, the natural consequence of which is to harass, oppress, or abuse the Plaintiff.

41. Defendant CPA engaged in an act or omission prohibited under 15 U.S.C. § 1692d(5) by causing Plaintiff's cellular telephone to ring or engaging Plaintiff in telephone conversations repeatedly or continuously with the intent to annoy, abuse, or harass Plaintiff at her aforementioned cellular telephone number.

42. Defendant CPA engaged in an act or omission prohibited under 15 U.S.C. § 1692d(6) by calling Plaintiff's aforementioned cellular telephone number and hanging up prior to or as soon as Plaintiff or Plaintiff's voice mail answered the call, in such a way as to fail to provide a meaningful disclosure of its identity.

43. Defendant CPA engaged in an act or omission prohibited under 15 U.S.C. § 1692e(11) by calling Plaintiff's aforementioned cellular telephone number and hanging up prior to or as soon as Plaintiff or Plaintiff's answering machine or voice mail boxes answered the call, in such a way as to fail to disclose that the communication was from a debt collector.

44. Defendant CPA engaged in an act or omission prohibited under 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt from Plaintiff.

45. Defendant CPA' acts and omissions as described herein have directly and proximately resulted in Plaintiff's prior and continuing sustaining of damages as described by 15 U.S.C. § 1692 including, but not limited to: statutory damages, actual damages in the form of emotional pain and suffering, fear, worry, embarrassment, humiliation and loss of the capacity for the enjoyment of life, and attorney fees, interest and costs.

WHEREFORE Plaintiff, JANDA GRACE MCBETH, respectfully demands judgment

against Defendant CPA for statutory damages, actual damages, an injunction from similar conduct in the future, attorney fees, costs, interest and such other relief as this Court deems just and proper.

## COUNT III
### (VIOLATION OF THE FCCPA)

46. Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (30), as if fully set forth herein.

47. At all times material to this action Defendant was and is subject to and must abide by the law of Florida, including section 559.72, Florida Statutes.

48. Defendant engaged in an act or omission prohibited under section 559.72(7), Florida Statutes, by willfully communicating with Plaintiff or any member of Plaintiff's family with such frequency as can reasonably be expected to harass the Plaintiff.

49. Defendant engaged in an act or omission prohibited under section 559.72(7), Florida Statutes, by willfully engaging in other conduct which can reasonably be expected to abuse or harass the Plaintiff.

50. Defendant engaged in an act or omission prohibited under section 559.72(9), Florida Statutes, by attempting to enforce a debt when such person knows that the debt is not legitimate, or asserting the existence of some other legal right when such person knows that the right does not exist.

51. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuing sustaining of damages as described by section 559.77, Florida Statutes, including, but not limited to: statutory damages, actual damages in the form of emotional pain and suffering, fear, worry, embarrassment, humiliation and loss of the capacity for the enjoyment of life; and attorney fees, interest and costs.

WHEREFORE Plaintiff, JANDA GRACE MCBETH, respectfully demands judgment against Defendant CPA for statutory damages, actual damages, punitive damages, an injunction from similar conduct in the future, attorney fees, costs, interest and such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 19th day of January, 2015, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send a notice of electronic filings via the Court's ECF system to the following: Barbara Fernandez, Esquire - HINSHAW & CULBERTSON LLP, bfernandez@hinshawlaw.com; dconnolly@hinshawlaw.com, (Counsel for Defendant).

*s/ David P. Mitchell*
David P. Mitchell, Esq.
Florida Bar No. 067249
Consumer Protection Department
MANEY & GORDON, P.A.
101 East Kennedy Blvd., Suite 3170
Tampa, Florida 33602
Telephone: (813) 221-1366
Fax: (813) 223-5920
Cell: (813) 454-2819
David@MitchellConsumerLaw.com
Counsel for Plaintiff